UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID A. WALKER, ) | |
| ) | NO. CV-06-5024-CI |
| PETITIONER, ) | |
| ) | ORDER ADOPTING REPORT AND |
| v. ) | RECOMMENDATION |
| ) | |
| MAGGIE MILLER-STOUT, ) | |
| ) | |
| RESPONDENT. ) | |
| ) | |

On November 28, 2006, Magistrate Judge Cynthia Imbrogno entered a Report and Recommendation ("R & R") to dismiss with prejudice Petitioner's claims for habeas relief. (Ct. Rec. 13.) Petitioner, who is proceeding *pro se,* timely filed his Objections on December 11, 2006. (Ct. Rec. 14.) The State did not respond to the Objections. Petitioner objects that the trial court's admission of evidence illegally seized from the Ford Escort was not "harmless error," that *Stone v. Powell*, 428 U.S. 465 (1976), does not apply to the "harmless error" claim, and that the R & R analysis of this claim is in error.

In *Stone,* the matter on review involved a California Court of Appeals ruling that the trial court's failure to rule on the legality of the defendant's arrest and search was harmless error.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

The state Supreme Court denied a petition for review.  *Stone*, 428 U.S. at 470.  On federal habeas review, applying *Chapman v. California*, 386 U.S. 18 (1967), the Ninth Circuit reversed the California Court of Appeals' ruling, holding the trial court error was not harmless beyond a reasonable doubt, and granted Petitioner a new trial.  *Id.* at 471.  The U.S. Supreme Court overturned the Ninth Circuit's reversal of the California Court of Appeals, and held where a petitioner has had a full and fair hearing on a Fourth Amendment claim in state court, habeas relief is not available. *Stone*, 428 U.S. at 474, 482 ("where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief <u>on the ground that evidence obtained in an unconstitutional search or seizure was introduced at this trial</u>"); *see also  Mack v. Cupp*, 564 F.2d 898, (9th Cir. 1977)(error in state appellate review of Fourth Amendment claim does not necessarily justify habeas relief in federal court).

    Here, the Washington State Court of Appeals found the trial court's failure to suppress illegally seized evidence was an error of "constitutional magnitude," but found it "harmless error."  Under *Stone*, this Fourth Amendment claim cannot be the basis for habeas relief where the prisoner was given an opportunity for a full and fair hearing.  Petitioner availed himself of the opportunity to litigate his Fourth Amendment suppression claim and harmless error claim to the Washington State Supreme Court, which denied review. *See Tisnado v. U.S.*, 547 F.2d 452, 455 n. 1 (9th Cir. 1976) (petitioner's claim aired at a single forum satisfies requirement

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

for full hearing.)  Even so, the Petitioner had another opportunity at the state collateral review level, but he did not argue the harmless error claim in his Personal Restraint Petition. (Ct. Rec. 10, Ex. 10.)  This opportunity precludes habeas relief for the Fourth Amendment claims.  *Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1990).  The Magistrate Judge properly analyzed Petitioner's Fourth Amendment claims under *Stone.*

Recognizing that the state Court of Appeals' "harmless error" finding invokes the federal constitutional standard, and contrary to Petitioner's argument, the harmless error issue also was analyzed in the Report and Recommendation under the *Chapman v. California* standard, which states that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24 (1967).  The R & R reflects agreement with the Court of Appeals that the error was harmless beyond a reasonable doubt.  Citing *Chapman*, Petitioner objects to this analysis, and argues there should have been a discussion of whether the tainted evidence "possibly influenced the jury adversely." According to Petitioner, under this analysis, the error cannot be conceived as harmless. (Ct. Rec. 14 at 4, 5.)  However, in *Brecht v. Abrahamson*, the Supreme Court modified the *Chapman* harmless error standard for habeas proceedings.  *Brecht*, 507 U.S. 619, 636-38; *see also Bains v. Cambra*, 204 F.3d 964, 977 (2000) (less exacting *Brecht* "harmless error" test was adopted by the Ninth Circuit for all habeas proceedings under 28 U.S.C. § 2254).  Neither of the parties has cited *Brecht.*

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

In *Brecht*, the Court held: "State courts are fully qualified to identify constitutional error and evaluate its prejudicial effect on the trial process under *Chapman*, and state courts often occupy a superior vantage point from which to evaluate the effect of trial error." *Brecht*, *supra* at 636. Recognizing that the interests of finality of state court convictions, comity, and federalism require a less stringent "harmless error" test in habeas proceedings where the federal district court was conducting its own independent review, the Court held a petitioner is not entitled to habeas relief unless he can establish the constitutional error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 636-37 (*citing Kotteakos v. U.S.,* 328 U.S. 750, 776 (1946). Petitioner must show the constitutional violation resulted in actual prejudice. *Hernandez v. Small*, 282 F.3d 1132, 1144 (9th Cir. 2002.)

Here, the case was tried to a judge, not a jury, so there is no issue of whether the tainted evidence confused or prejudiced a jury. In case tried by the court without a jury, "if admissible evidence is sufficient to sustain the findings, [habeas court will not reverse] because improper evidence was also admitted." *McKenzie v. McCormick*, 27 F.3d 1415, 1421 (9th Cir. 1994); *U.S. v. Hudson*, 479 F.2d 251, 255 (9th Cir. 1972). Further, in his oral decision, the state court trial judge specifically cited untainted evidence, *e.g.* "the evidence of the presence of objects that were clearly identified as being part of the process of manufacturing methamphetamine in the defendant's apartment, and "the testimony as to the strong smell of chemicals in the closet of his apartment," as

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

basis for the conviction. (Ct. Rec. 10, Ex. 19 at 134-35.) (Emphasis added.) Petitioner's arguments that his decisions to waive a jury trial and to testify when impeached about the Ford Escort were influenced by the trial court's denial of his suppression hearing are unpersuasive and do not establish actual, substantial prejudice.

Petitioner has not shown actual, substantial prejudice resulting from the admission of the tainted evidence that warrants the extraordinary remedy of habeas corpus; therefore, admission of the tainted evidence was harmless error. Accordingly,

**IT IS ORDERED**:

1. The Report and Recommendation be **ADOPTED** as supplemented by this Order;

2. Petitioner's Petition for Habeas Relief (Ct. Rec. 1) be **DISMISSED WITH PREJUDICE**

3. The District Court Executive shall file this Order, send copies to Petitioner and counsel for Respondent and close the file.

DATED this 8th day of January, 2007.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION - 5